IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| BRIAN REED, Plaintiff, | ) Civil Action No. 2:11-0679-DCN-BM |
| v. | ) |
| WINWOOD FARM HOME FOR CHILDREN, INC., SUE SHANKLE, and DEBORAH MCKELVEY, Defendants. | ) **REPORT AND RECOMMENDATION** |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Ninth Judicial Circuit. The case was subsequently removed to this Court by the Defendants on the basis of federal question jurisdiction since Plaintiff alleges, inter alia, violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et. seq. Defendants then filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., arguing that Plaintiff had failed to state a claim with respect to his ADA cause of action.[1] When considering a Rule 12 motion to dismiss, the Court

[1]Defendants also argue in their motion to dismiss that the two natural Defendants are not subject to suit under the ADA. See 42 U.S.C. § 12111(2); Albra v. Advan, Inc., 490 F.3d 826, 830 (11th Cir. 2007)[No individual liability under the ADA]. However, in his response, Plaintiff states that he is not attempting to sue either of the two natural Defendants under the ADA; rather, Plaintiff is suing the two natural Defendants (Shankle and McKelvey) for intentional infliction of emotional distress and intentional interference with a contract. See Complaint, Counts III and IV. Therefore, this portion of the Defendants' motion to dismiss is **moot**.



is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

**Discussion**

In order to maintain a claim under the ADA, a Plaintiff must have a "disability." E.E.O.C. v. Stower Pharr Mills, Inc., 216 F.3d 373, 377 (4th Cir. 2000); Tyndall v. National Education Centers, 31 F.3d 290, 212-213 (4th Cir. 1994); Nance v. Potter, 225 F.Supp.2d 638, 645 (M.O.N.C. 2002)[Must have a disability as defined by 43 U.S.C. § 12102(2)]. Defendants argue that Plaintiff has failed to state a claim under ADA because he has made no allegations that he has a physical or mental disability, nor has he alleged a record of the same. Plaintiff opposes Defendants' motion, arguing that the Complaint contains sufficient allegations that he had a physical or mental impairment that substantially limited a major life activity to state a claim under the ADA.

The term "disability" is defined as a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual, b) a record of such impairment, or c) being regarded as having such an impairment. 42 U.S.C. § 12102(1)(3); Pollard v. High's of Baltimore, Inc., 281 F.3d 462, 467 (4th Cir. 2002), cert. denied, 123 S.Ct. 122 (2002). A "major life activity" is defined as a basic activity that an average person can perform with little or no difficulty, such as caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with other, and working. See 29 C.F.R. § 1630.2(I); cf. Bruncko v. Mercy Hosp., 260 F.3d 939, 941 (8th Cir. 2001); Dutcher v. Ingalls





Shipbuilding, 53 F.3d 723-727, n. 7 (5th Cir. 1995); Gupton v. Virginia, 14 F.3d 203, 205 (4th Cir. 1994), cert. denied, 513 U.S. 810 (1994) ( Rehabilitation Act).

Plaintiff alleges in his Complaint that he was employed by the Defendant Winwood Farm Home for Children, Inc. ("Winwood Farm"), where he worked with emotionally disturbed boys among other duties. Plaintiff alleges that because of the nature and demands of his work, he "began to feel more and more stress", which required him to "leave work to seek medical treatment." Complaint, ¶ ¶ 39-40. Plaintiff further alleges that he discussed the problems associated with his work and the stress he was under with his supervisors, but that the Defendants failed to address his concerns and told him that if he "did not like it he could quit but it was not going change." Complaint, ¶ 43. Plaintiff alleges that during these discussions with his supervisors he discussed the therapy he was receiving and that, because of these and other comments made by him to his supervisors, Shankle told him that if he "felt that strongly he should seek therapy." Complaint, ¶ 50. Plaintiff alleges that he was subsequently suspended from work, and that McKelvey informed him "that he needed to see a therapist and when the therapist released him to return to work he could return to work." Complaint, ¶ 56. Plaintiff was subsequently terminated from his job, and Plaintiff alleges that the Defendants "considered the Plaintiff's disability or perceived disability when considering any and all employment decisions . . . ." Complaint, ¶ 80. In his First Cause of Action, Plaintiff alleges that he "has been able and had performed his job duties at a satisfactory level . . . ." [and] that the Defendant considered the Plaintiff's disability or perceived disability when considering any and all employment decisions in February 2010". Plaintiff alleges that the Defendants discriminated against him based on his disability, record of disability, or a perceived disability, all in violation of the ADA. See generally, Complaint.





Defendants acknowledge that a mental impairment can be a disability under the ADA, but argue that the EEOC regulations implementing the ADA define a mental impairment to include mental or psychological disorders, such as intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disabilities; see 29 C.F.R. § 1630.2(h)(2); and that Plaintiff only refers to job related "stress" in his Complaint and has therefore not alleged any of the above listed "mental impairments". Defendants also argue that Plaintiff's Complaint does not sufficiently allege that the Defendants "regarded" him as being disabled or that he could not continue to perform his job. However, after careful review of the allegations of the Complaint under the applicable Rule 12 standard, the undersigned finds and concludes that sufficient allegations have been set forth to survive Defendants' motion to dismiss.

The question on a Rule 12 motion to dismiss is only whether Plaintiff's factual allegations state a plausible claim that he had a disability, or was regarded as having a disability, covered under the ADA. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)[A complaint attacked by a Rule 12 motion to dismiss does not need detailed factual allegations; rather, the factual allegations must only be enough to raise a right to relief above the speculative level]; cf. Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 248 (4th Cir. 2005)["Courts should not dismiss a complaint for failure to state a claim unless 'after accepting all well-pleaded allegations in the Plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief'"], citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Mental impairments, including depression, anxiety, bipolar disorder, stress disorder, and



emotional or mental illness can constitute a disability under the ADA,[2] and Plaintiff alleges in his Complaint that he was experiencing emotional problems sufficient to require him to see a therapist, that the Defendants were well aware that he was under a significant mental strain and required medical treatment, and that both Shankle and McKelvie even told him to see a therapist. Indeed, the allegations of the Complaint set forth that Plaintiff was suspended from his job due to his condition and was told that he could not return to work until the therapist released him to return to work.

These allegations are more than sufficient to set forth an ADA disability claim to survive a Rule 12 motion to dismiss. Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991)[When considering a Rule 12 motion to dismiss, the court must accept the factual allegations in the complaint as true, and draw all reasonable inferences in the Plaintiff's favor](quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)); Wolman v. Tose, 467 F.2d 29, 33, n. 5 (4th Cir. 1972)["Under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the Court to *infer* that all of the required elements of the cause of action are present."]. Defendants are therefore not entitled to dismissal of Plaintiff's ADA claim on the grounds asserted. Ashcroft, 129 S.Ct. at 1949 [Rule 12 motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face"]; Rule 8, Fed.R.Civ.P. [stating that a complaint need only

---

[2] See Cassing v. Board of Educ. of Rockford Public Schools, 461 F.3d 932, 936 (7th Cir. 2006)[Major depression can constitute disability under ADA]; Battle v. United Parcel Service, Inc., 438 F.3d 856, 861 (8th Cir. 2006)[Mental impairments, including anxiety and depression, are ADA-qualifying disabilities if they affect the Plaintiff's thinking and concentration]; Taylor v. Phonixville School District, 184 F.3d 276, 306 (3d Cir. 1999)[Bipolar disease counts as a mental impairment under ADA]; Rodriguez v. John Muir Medical Center, No. 09-731, 2010 WL 3448567 at * 12 (N.C.Cal. Aug. 31, 2010)[Plaintiff's diagnosed depression and post-traumatic stress may constitute a disability covered by the ADA].





contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."]; cf. Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002)["[W]hen [dismissal for failure to state a claim] involves a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged'"], citing Harrison v. United Postal Service, 840 F.2d 1149, 1152 (4th Cir. 1988).

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss Plaintiff's First Cause of Action, asserting a claim under the ADA, be **denied**. The remainder of the requested relief in Defendants' motion is **moot**.[3]

The parties are referred to the notice page attached hereto.

Bristow Marchant
United States Magistrate Judge

June 7, 2011
Charleston, South Carolina

[3] In addition to the argument regarding the two natural Defendants; see, n. 1, supra; Defendants also request that Plaintiff's state law claims be remanded to state court for dispostion. However, if the Court accepts the recommendation set forth hereinabove with respect to Plaintiff's ADA claim, the Court will retain supplemental jurisdiction over Plaintiff's state law causes of action. Wisconsin Dep't. of Corrections v. Schacht, 524 U.S. 381, 387 (1998); see also 28 U.S.C. § 1367.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

